# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANNA GRZYWNOWICZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 5888 |
| | ) |
| INTERNATIONAL PERFECT TRADING | ) |
| CORP., CARGO PRESTIGE and | ) |
| RADOSLAW K. KONDER, | ) |
| | ) |
| Defendants, | ) |

## MEMORANDUM ORDER

This Carmack Amendment lawsuit by Anna Grzywnowicz ("Grzywnowicz") was initiated on her behalf by her then counsel, Wilton Person, in early July of this year, shortly after which this Court entered its customary initial scheduling order. Less than ten days later attorney Person moved to withdraw as counsel due to what he described in his Motion ¶ 3 as a "breakdown of the attorney-client relationship . . . due to a lack of communication and other irreconcilable differences in the attorney-client relationship."

Because this Court has always viewed such motions, whether initiated by a lawyer or a client, as the legal equivalent of no-fault divorce (else this Court's inquiry into the underlying circumstances would inevitably invade the attorney-client privilege), it granted that motion and extended the next status date some 2-1/2 months to enable Grzywnowicz to get a new lawyer. But at that extended status hearing date Grzywnowicz (participating telephonically) advised that she had been unsuccessful in obtaining new counsel and therefore sought assistance from this Court. It advised her that the only basis on which she could get court assistance would be if she

qualified for in forma pauperis treatment so that a member of the District Court trial bar could be enlisted to her aid. Hence this Court caused the Clerk's-office-supplied forms of In Forma Pauperis Application ("Application") and Motion for Attorney Representation ("Motion") to be mailed to Grzywnowicz for completion and return.

What the returned forms have reflected is Grzywnowicz's clear ineligibility for court assistance. In material part her Application reveals:

1. Grzywnowicz is employed at the John H. Stroger Jr. Hospital at an hourly wage rate of $42.94, so that she received an aggregate of $82,629.33 in wages during the past 12 months.

2. Grzywnowicz is unmarried and resides in a home in Romeoville whose current value she reports as $213,000 to $215,000. Although she answered the form's question as to her equity in the property "I do not know," her handwritten supplement to the form reported the existence of two mortgages having an aggregate balance of $47,191.70 and requiring payments of some $1,700 per month.

3. Grzywnowicz's automobile is a 2008 Mercedes-Benz C-300.

4. Because Grzywnowicz's elderly parents live in Poland, where "medications are very expensive" and they have other needs for daily living, she sends them $400 to $500 each month.

As has already been indicated in this memorandum before those specified items were ticked off, any court-ordered trial bar assistance to Grzywnowicz is plainly unavailable -- and it would seem equally clear that she can afford to retain counsel. Whether the size of her claim is

enough to justify her payment of what a competent lawyer would charge for his or her services is another matter, on which this Court is not in a position to comment.

Accordingly this Court will set another status hearing date to enable Grzywnowicz to determine in the interim just how to handle her claim. This action is put over to 8:45 a.m. on December 18, 2015 for that purpose, and if Grzywnowicz wishes to participate telephonically she should call this Court's courtroom deputy (Carol Wing, (312) 435-5767) in advance so that she can be called by Ms. Wing at that time. If Grzywnowicz has reached a decision on the matter before the December 18 date, she should call Ms. Wing to set an earlier status hearing date.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 9, 2015